CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 21 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 7:16-cr-30026 |
| v. ) | |
| ) | |
| MICHAEL JONES, et al., ) | |
| ) | By: Michael F. Urbanski |
| Defendants. ) | United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on the government's "Motion for Non-Testimonial Evidence." ECF No. 397. The government seeks photographs of tattoos relevant to gang affiliation belonging to defendants Michael Jones, Terrance Brown, Michael Dove, Clifford Jennings, Ronnie Nicholas, and Corey Owens. Defendants Jones, Jennings, and Nicholas object to the government's request. ECF Nos. 415, 417, 428. For the reasons stated below, the court will grant in part and deny in part the government's motion.

"To qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled." Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt Cty., 542 U.S. 177, 189 (2004). Certain physical traits are not testimonial for purposes of the Fifth Amendment. For example, the government may require a criminal suspect "to put on a shirt, to provide a blood sample or handwriting exemplar, or to make a recording of his voice." United States v. Hubbell, 530 U.S. 27, 35 (2000) (footnotes omitted); see also United States v. Williams, 461 F.3d 441, 446–47 (4th Cir.2006) (holding that a demonstration by a defendant that he could not physically wear the fanny pack as alleged by

police is not testimonial evidence). As such, "the Fifth Amendment is not offended where a witness relies on a tattoo to identify a defendant." United States v. Greer, 631 F.3d 608, 612 (2d Cir. 2011).

In this case, the government seeks evidence of defendants' tattoos not for identification purposes, but as "proof of the defendants' membership, association, and roles within the Bloods and Mad Stone Bloods." ECF No. 397, at 1. In other words, the government intends to rely on the tattoos "for the content of what was written." Greer, 631 F.3d at 613 (quoting Gilbert v. California, 388 U.S. 263, 266–67 (1967)). Therefore, the tattoo evidence sought by the government is testimonial. See id.; United States v. Ledbetter, 188 F. Supp. 3d 674, 681 (S.D. Ohio 2016) (Where "the government relies on evidence of the defendant's tattoos for the *content* of the communication—the tattoo is testimonial.") (citations and quotations omitted). And given the nature of the charges in this case, the tattoo evidence is plainly incriminating. However, certain of defendants' tattoos do not require government compulsion to be entered into evidence.

Tattoos that are "openly visible on [a defendant's] body," United States v. Toliver, 387 F. App'x 406, 418 (4th Cir. 2010) (unpublished),[1] may be presented at trial without

---

[1] Toliver seemingly conflicts with the rationale in Greer regarding the testimonial nature of tattoos that the government seeks to admit for their communicative purposes. According to Toliver, tattoos offered to show a defendant's gang-affiliation do "not constitute testimony within the meaning of the Fifth Amendment." 387 F. App'x at 417. Toliver is an unpublished opinion and does not bind this court, and the court finds the reasoning set forth in Greer more persuasive than Toliver. That is, tattoos are testimonial if the government seeks to offer them "for the content of what was written." Greer, 631 F.3d at 613. Unlike Greer, Toliver did not separately consider whether the tattoos were "testimonial, incriminating, [or] compelled." Hiibel, 542 U.S. at 189. Nevertheless, Toliver repeatedly characterized the tattoos at issue as "openly visible." Toliver, 387 F. App'x at 417-18. The openly visible nature of the tattoos more aptly weighs on whether the evidence was compelled, not whether it was testimonial. See Greer, 631 F.3d at 613 ("The voluntary tattooing of an incriminating word to Greer's arm was … not the product of government compulsion."). Therefore, the court departs with

infringing on defendants' Fifth Amendment protections. Requiring defendants to submit to photographs of openly visible tattoos does not result in compelled communication. See Greer, 631 F.3d at 613; Ledbetter, 188 F. Supp. 3d at 683. Therefore, the government may photograph defendants' openly visible tattoos, including tattoos on defendants' heads, faces, necks, arms, and hands.

If the government seeks photographs of tattoos in other locations, the government may present evidence indicating that a defendant treated those tattoos as openly visible. For example, the government may show that a defendant did not regularly wear a t-shirt, which would indicate that a tattoo on the defendant's chest was openly visible. To date, however, the government has not presented such evidence. The court therefore limits the photographs to defendants' heads, faces, necks, arms, and hands.[2] Once the government has identified which photographs on which it intends to rely at trial, see Scheduling Order, ECF No. 245, at ¶ 3, defendants may file motions in limine challenging the admissibility of specific exhibits.

An appropriate Order will be entered.

Entered: 07-21-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

Toliver's suggestion that tattoos used to show gang affiliation are not testimonial for purposes of the Fifth Amendment.

[2] While Toliver allowed evidence of tattoos that "become easily visible were [a male defendant] to wear a tank top or take off his shirt," Toliver, 387 F. App'x at 418, the court finds that an approach similar to that taken in Ledbetter is more protective of defendants' Fifth Amendment rights. See Ledbetter, 188 F. Supp. 3d at 683 (allowing photographs of "tattoos on the defendants' faces, necks, hands, and forearms," but not on "defendants' backs, shoulders, torsos, mid-sections, legs, and feet").