CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 9 2017

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 7:16-cr-30026 |
| v. ) | |
| MICHAEL JONES, et al., ) | By: Michael F. Urbanski |
| Defendants. ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendants Terrance Brown's and Michael Dove's motions to dismiss the counts in the Superseding Indictment charging them with the use and discharge of firearms during crimes of violence, in violation of 18 U.S.C. § 924(c).[1] ECF Nos. 278, 437. The government alleges that the crimes of violence Brown and Dove committed for purposes of § 924(c) are the violent crime in aid of racketeering ("VICAR") offenses, in violation of 18 U.S.C. § 1959(a)(3), also charged in the Superseding Indictment. Defendants contend that the alleged VICAR violations do not qualify as crimes of violence under § 924(c)(3). Accordingly, they request dismissal of the § 924(c) counts for failure to state a claim. For the reasons that follow, the court will deny defendants' motions.

I.

This case involves alleged gang activity by members of the Mad Stone Bloods ("MSB"). Counts One and Two charge Brown, Dove, and others with violations of RICO

---

[1] Although Brown and Dove filed these motions before the government superseded the Indictment, the Superseding Indictment did not alter the counts at issue in the instant motions to dismiss.

and drug conspiracy, in violation 18 U.S.C. §§ 1962(d) and 846. Counts Three and Six charge both Brown and Dove with the VICAR offenses of assault with a dangerous weapon or assault resulting in serious bodily injury, in violation of § 1959(a)(3). Count Four charges Dove and Count Five charges Brown with § 924(c)(1)(A)(i) violations for using firearms during the VICAR offense charged in Count Three. Likewise, Count Seven charges Dove and Count Eight charges Brown with § 924(c)(1)(A)(iii) offenses for discharging firearms during the VICAR offense charged in Count Six.

Defendants argue that VICAR offenses do not qualify as § 924(c) predicates in light of the Supreme Court's decisions in Johnson v. United States, 559 U.S. 133 (2010) ("Johnson I") and Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"). Those cases examine the definition of "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a statute that shares some commonalities with § 924(c). The ACCA defines "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year ... that–
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, ~~or otherwise involves conduct that presents a serious potential risk of physical injury to another~~.

18 U.S.C. § 924(e)(2)(B). In Johnson I, the Supreme Court held that predicate offenses may only qualify under § 924(e)(2)(B)(i), commonly referred to as the ACCA's "force clause," if the predicate offense requires the use of *"violent* force—that is, force capable of causing physical pain or injury to another person." Johnson I, 559 U.S. at 140 (emphasis original). In

2

Johnson II, the Supreme Court held that the ACCA's "residual clause" is unconstitutionally vague, as indicated by the struck-through language above. Johnson II, 135 S. Ct. at 2563.

Defendants contend that Johnson I and Johnson II require dismissal of the § 924(c) counts in the Superseding Indictment given similarities between the ACCA's definition of "violent felony" and § 924(c)'s definition of "crime of violence." Section 924(c)(3) defines a "crime of violence" as an offense that is a federal felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). For the purposes of this Memorandum Opinion, the court refers to § 924(c)(3)(A) as the "use-of-force clause" and § 924(c)(3)(B) as the "risk-of-force clause." See Ovalles v. United States, 861 F.3d 1257, 1263 (11th Cir. 2017) (explaining why courts use different shorthand in discussing the ACCA and § 924(c), despite the statutes' similar provisions).[2]

The ACCA's force clause is nearly identical to § 924(c)'s use-of-force clause. In fact, the Fourth Circuit has treated case law interpreting the ACCA force clause as equally applicable to § 924(c)' use-of-force clause. See In re Irby, 858 F.3d 231, 234–37 (4th Cir. 2017) (applying Johnson I and its progeny to § 924(c)'s use-of-force clause). Defendants contend that to be found guilty of the VICAR charges in the Superseding Indictment, the

---

[2] The Fourth Circuit has used the ACCA nomenclature in discussing § 924(c). See United States v. Fuertes, 805 F.3d 485, 498 (4th Cir. 2015), cert. denied sub nom. Ventura v. United States, 136 S. Ct. 1220 (2016) ("Section 924(c)(3)(A) is referred to as the 'force clause,' while section 924(c)(3)(B) is called the 'residual clause.'"). However, the court will use the classification employed by the Eleventh Circuit in Ovalles, 861 F.3d at 1263, to avoid unnecessary confusion between the statutes.

3

jury need not find that they used violent, physical force as required by Johnson I. They also argue that the risk-of-force clause is unconstitutionally vague, and therefore submit that the § 924(c) charges must be dismissed as failing to rely on qualifying predicates.

The ACCA's residual clause and § 924(c)'s risk-of-force clause are not textually identical. Compare 18 U.S.C. § 924(e)(2)(B)(ii) (covering "conduct that presents a serious potential risk of physical injury"), with 18 U.S.C. § 924(c)(3)(B) (covering conduct "that by its nature, involves a substantial risk that physical force ... may be used in the course of committing the offense"). Nevertheless, Brown and Dove contend that Johnson II renders the risk-of-force clause in § 924(c) constitutionally defective. Only the Seventh Circuit has taken the position that Johnson II invalidates § 924(c)(3)(B), see United States v. Cardena, 842 F.3d 959, 996 (7th Cir. 2016),[3] while four other Circuits have held that the risk-of-force clause is not unconstitutionally vague, see Ovalles v. United States, 861 F.3d 1257, 1263 (11th Cir. 2017); United States v. Prickett, 839 F.3d 697, 699–700 (8th Cir. 2016); United States v. Hill, 832 F.3d 135, 145–49 (2d Cir. 2016); United States v. Taylor, 814 F.3d 340, 376–79 (6th Cir. 2016). The Fourth Circuit will pass on the validity of § 924(c)'s risk-of-force clause in United States v. Simms, No. 15-4640 (appeal docketed Oct. 26, 2015). However, Simms is held in abeyance pending the Supreme Court's decision in Sessions v. Dimaya, 803

---

[3] The Seventh Circuit has since expressed less than full confidence in its Cardena decision. See United States v. Jackson, No. 15-3693, 2017 WL 3318833, at *5 (7th Cir. Aug. 4, 2017) (noting that "Cardena reached its conclusion with little discussion" and "acknowledg[ing] that the case for distinguishing § 924(c)(3)(B) is not altogether unconvincing," but nevertheless following Cardena under stare decisis principles).

4

F.3d 1110 (9th Cir. 2015), cert granted, 137 S.Ct. 31 (2016) (set for reargument on Monday, Oct. 2, 2017).[4]

As explained below, the court need not determine the validity of § 924(c)'s risk-of-force clause because the VICAR counts charged in the Superseding Indictment qualify as crimes of violence under the use-of-force clause. Accordingly, Brown's and Dove's § 924(c) charges will not be dismissed.

## II.

To determine whether a crime requires the use, attempted use, or threatened use of violent force, courts generally apply the categorical approach. See Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). Under this approach, the court must "analyze only the elements of the offense in question, rather than the specific means by which the defendant committed the crime." United States v. Evans, 848 F.3d 242, 246 (4th Cir.), cert. denied, 137 S. Ct. 2253 (2017). The strict categorical approach applies where the predicate statute is indivisible, that is, where the statute "does not set out elements of the offense in the alternative, but which may nevertheless broadly criminalize qualitatively different categories of conduct." United States v. Royal, 731 F.3d 333, 340 (4th Cir. 2013).

"[I]n cases involving statutes that set out elements in the alternative and thus create multiple versions of the crime,' [courts] consider the statute divisible and apply the modified categorical approach." United States v. Diaz, No. 16-4226, 2017 WL 3159918, at *4 (4th Cir. July 26, 2017) (quoting United States v. Montes–Flores, 736 F.3d 357, 365 (4th Cir. 2013)). "[T]he modified approach serves—and serves solely—as a tool to identify the elements of

---

[4] Dimaya involves the validity of 18 U.S.C. § 16(b)'s risk-of-force clause, which is textually identical to § 924(c)(3)(B).

5

the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque." Mathis, 136 S. Ct. at 2253.

In applying these principles, the court must examine Subsection (a) of the VICAR statute, which states in its entirety:

> Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished–
> (1) for murder, by death or life imprisonment, or a fine under this title, or both; and for kidnapping, by imprisonment for any term of years or for life, or a fine under this title, or both;
> (2) for maiming, by imprisonment for not more than thirty years or a fine under this title, or both;
> (3) for assault with a dangerous weapon or assault resulting in serious bodily injury, by imprisonment for not more than twenty years or a fine under this title, or both;
> (4) for threatening to commit a crime of violence, by imprisonment for not more than five years or a fine under this title, or both;
> (5) for attempting or conspiring to commit murder or kidnapping, by imprisonment for not more than ten years or a fine under this title, or both; and
> (6) for attempting or conspiring to commit a crime involving maiming, assault with a dangerous weapon, or assault resulting in serious bodily injury, by imprisonment for not more than three years or a fine of under this title, or both.

18 U.S.C. § 1959(a). The government argues that the statute is divisible by numbered subsection. (Dove seemingly agrees with this approach.) Indeed, the Superseding Indictment

specifically charges Brown and Dove with violating § 1959(a)(3), which proscribes "assault with a dangerous weapon or assault resulting in serious bodily injury" and sets the maximum penalty for such an offense at twenty years imprisonment.

Brown, however, argues that the categorical approach requires the court to ignore the numbered subsections of § 1959(a). According to Brown, the strict categorical approach requires examination of only the prefatory text immediately following "(a)" and preceding "(1)." The court rejects this approach as an improper reading of the statute. The numbered paragraphs of § 1959(a) plainly define separate crimes, each requiring proof of distinct elements, and each triggering their own sentencing provisions. See Cousins v. United States, 198 F. Supp. 3d 621, 626 (E.D. Va. 2016) (treating § 1959(a) divisible by subsection); cf. United States v. Fiel, 35 F.3d 997, 1003 (4th Cir. 1994) (noting that § 1959(a) offenses require proof that "the defendant committed *the* alleged crime of violence") (emphasis added). In other words, the subsections of § 1959(a)—separately criminalizing murder, maiming, assault, and other conduct in aid of racketeering—define alternative elements, not merely alternative means, of committing a VICAR offense. See Omargharib v. Holder, 775 F.3d 192, 198 (4th Cir. 2014) (describing the difference between elements and means for purposes of the modified categorical approach). The modified categorical approach applies, and the court will examine § 1959(a)(3) as the crime charged against Brown and Dove.

The question, therefore, is whether "assault with a dangerous weapon" amounts to a crime of violence under § 924(c).[5] Here again, the court arrives at a fork in the road of

---

[5] In a different case, a court may need to decide whether § 1959(a)(3) is divisible between the "or," i.e., do "assault with a dangerous weapon" and "assault resulting in serious bodily injury" define alternative means or alternative elements? This issue, however, has no bearing on the instant

7

interpreting these statutes. The government urges the court to examine "assault with a dangerous weapon" using the generic, common law definition of the offense. Defendants contend that the appropriate inquiry does not focus on the generic offense of assault with a dangerous weapon, but rather on the Virginia statutes cited in the Superseding Indictment as the VICAR predicates.

Before proceeding, the court notes some potential for confusion here: both § 924(c) and the VICAR statutes require proof of predicate offenses in addition to certain conduct targeted by the statutes.[6] Section 924(c) requires proof of a crime of violence (the § 924(c) predicate) in which the defendant used a firearm. The VICAR charges require proof of assault with a dangerous weapon (the VICAR predicate) in aid of a racketeering organization. In this case, the § 924(c) predicates are the VICAR offenses, and the VICAR predicates are violations of the Virginia malicious wounding criminal statute, Virginia Code § 18.2-51, as cited in the Superseding Indictment.[7] The stacking of predicate offenses, together

---

motions to dismiss. If § 1959(a)(3) is divisible, assault with a dangerous weapon is the relevant charge given that the Superseding Indictment exclusively charges such assaults and makes no reference to assaults resulting in serious bodily injury. If it is not divisible, assault with a dangerous weapon would be the focus of the inquiry, as it describes less culpable conduct than assault resulting in serious bodily injury. See United States v. Gardner, 823 F.3d 793, 803 (4th Cir. 2016) (to determine whether a predicate offense qualifies as a crime of violence, the focus is on the minimum culpable conduct necessary for a violation of the predicate offense). As such, the focus in this case is whether "assault with a deadly weapon" amounts to a § 924(c) crime of violence regardless of whether § 1959(a)(3) is divisible by the "or."

[6] As one district court has noted, deciding whether a VICAR offense qualifies as a crime of violence "under § 924(c) is like watching the film *Inception* and involves parsing through layers upon layers of meaning." Desilva v. United States, No. 4:16-CV-4134, 2016 WL 6495393, at *6 (C.D. Ill. Nov. 2, 2016) appeal docketed, No. 16-4111 (7th Cir. Dec. 9, 2016) (appeal stayed pending the Supreme Court's decision in Sessions v. Dimaya, 803 F.3d 1110 (9th Cir. 2015), cert granted, 137 S.Ct. 31 (2016) (set for reargument on Monday, Oct. 2, 2017)).

[7] Count Six cites only Virginia Code § 18.2-51 as the VICAR predicate, while Count Three cites Virginia Code § 18.2-51 in addition to Virginia Code § 18.2-53.1 (prohibiting use of a firearm in committing a felony) and Virginia Code § 18.2-58 (defining the penalty for common law robbery).

with VICAR's general prohibition of assault with a dangerous weapon, requires the court to determine whether Virginia Code § 18.2-51, or the generic definition of assault with a dangerous weapon, should be the focus of the "crime of violence" inquiry. Compare Desilva v. United States, No. 4:16-CV-4134, 2016 WL 6495393, at *6 (C.D. Ill. Nov. 2, 2016) (determining whether the Illinois crime of discharging a firearm to effectuate a battery, in violation of 720 Ill. Comp. Stat. Ann. 5/12-3.05(e)(1)—the VICAR predicate—qualifies as a § 924(c) crime of violence), with Cousins, 198 F. Supp. 3d at 626 (holding the generic definition of assault with a dangerous weapon qualifies as a § 924(c) crime of violence).

The court concludes that the generic definition of assault with a dangerous weapon applies in examining whether the VICAR counts in the Superseding Indictment qualify as crimes of violence under § 924(c). The Fourth Circuit has noted, in analyzing the general assault federal statute, 18 U.S.C. § 113, that "courts have uniformly recognized that various federal statutes criminalizing 'assault' incorporate the long-established common law definition of that term." United States v. Passaro, 577 F.3d 207, 217–18 (4th Cir. 2009). A district court has followed this approach in the context of VICAR: "it seems clear that Congress, not wishing to unnecessarily create new crimes, sought to craft § 1959 so that it reached the generic conduct described therein, whatever label a particular state might use to criminalize that conduct." United States v. Le, 316 F. Supp. 2d 355, 360 (E.D. Va. 2004).[8]

---

[8] The Le court examined Supreme Court precedent applying this approach to other statutes, see United States v. Nardello, 393 U.S. 286 (1969) (applying generic definition of "extortion" under the Travel Act, 18 U.S.C. § 1952), Taylor v. United States, 495 U.S. 575 (1990) (applying generic "burglary" under the ACCA), and Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. 393 (2003) (applying generic "extortion" under RICO, 18 U.S.C. § 1961(1)).

9

Using the generic definition of the conduct proscribed in the VICAR statute also comports with § 924(c)'s requirement that the predicate offense be a *federal* crime. See 18 U.S.C. § 924(c)(1)(A) (predicate must be one "for which the person may be prosecuted in a court of the United States"); Ovalles v. United States, 861 F.3d 1257, 1264 (11th Cir. 2017) (Under § 924(c), "federal courts are generally considering contemporaneous predicate federal crimes, often charged in the same federal indictment.'"). Therefore, under § 924(c)'s own terms, the § 924(c) predicate is defined by federal law, not by the state statute underlying the § 924(c) predicate. As such, the § 924(c) charges against Brown and Dove may only be dismissed if "assault with a dangerous weapon," as generically defined, does not qualify as a crime of violence under § 924(c)(3).

Under any definition of assault with a dangerous weapon, the government of course must prove that the defendant used a dangerous weapon. "[W]hat constitutes a dangerous weapon depends not on the object's intrinsic character but on its capacity, given the manner of its use, to endanger life or inflict serious physical harm." United States v. Sturgis, 48 F.3d 784, 787 (4th Cir. 1995) (citing United States v. Johnson, 324 F.2d 264, 266 (4th Cir. 1963)). The use of an object to endanger life or inflict serious physical harm plainly involves the use, attempted use, or threatened use of violent, physical force.[9] See Cousins, 198 F. Supp. 3d at 626 (defining common law assault with a dangerous weapon as requiring "a physical act,

---

[9] If VICAR criminalized simple assault (assault without a dangerous weapon), then VICAR assault would likely not qualify under § 924(c)'s use-of-force clause. See Diaz, 2017 WL 3159918, at *9 ("'[A]ssault' need only be a forcible touching, and there is no evidence that it needs to rise to the level of violent force as defined in Johnson I."); United States v. Taylor, 848 F.3d 476, 493–94 (1st Cir.), cert. denied, 137 S. Ct. 2255 (2017) ("It is possible to commit simple assault under [18 U.S.C.] § 111(a) without using violent force.") (listing cases). However, VICAR criminalizes assault *with a dangerous weapon*. Therefore, the dangerous weapon element of § 1959(a)(3) heightens the degree of force the government must prove relative to charges of simple assault and brings the VICAR charges within the scope of Johnson I.

10

utilizing a dangerous weapon, that signifies to the victim that the aggressor has the present ability to cause the threatened harm with the weapon, and that the weapon may be put to harmful use immediately"); Black's Law Dictionary (10th ed. 2014) (defining assault with a dangerous weapon as an "aggravated assault in which the defendant, using a deadly weapon, threatens the victim with death or serious bodily injury"); cf. United States v. Taylor, 848 F.3d 476, 493–94 (1st Cir.), cert. denied, 137 S. Ct. 2255 (2017) (listing cases that hold assault with a deadly or dangerous weapon against a federal officer, in violation of § 111(b), requires the use, attempted use, or threatened use of violent force). Therefore, the § 1959(a)(3) offenses charged in Counts Three and Six of the Superseding Indictment satisfy Johnson I and qualify as crimes of violence under § 924(c)'s use-of-force clause.

Because the court concludes that the § 924(c) charges in the Superseding Indictment qualify as crimes of violence under § 924(c)(3)(A), the court need not determine the continued validity of § 924(c)'s risk-of-force clause in light of Johnson II. That said, given the weight of authority upholding the constitutionality of § 924(c)'s risk-of-force clause, such a debate would present an uphill battle for defendants. See Ovalles, 861 F.3d at 1263; Prickett, 839 F.3d at 699–700; Hill, 832 F.3d at 145–49; Taylor, 814 F.3d at 376–79; but see Cardena, 842 F.3d at 996. But the constitutional issue surrounding the risk-of-force clause may be avoided; Counts Four, Five, Seven, and Eight properly rely on § 1959(a)(3) as a predicate crime of violence under § 924(c)'s use-of-force clause.

### III.

For the reasons set forth above, the court will deny Brown's and Dove's motions to dismiss the § 924(c) counts from the Superseding Indictment.

11

An appropriate Order will be entered.

Entered: 08-28-2017

Michael F. Urbanski
Chief United States District Judge