CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

September 4, 2017

JULIA C. DUDLEY, CLERK
BY: K. Ayersman
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | )   Case No. 7:16-cr-30026 |
| | ) |
| v. | ) |
| | ) |
| MICHAEL JONES, et al., | ) |
| | )   By:   Michael F. Urbanski |
| Defendants. | )         Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on an oral motion to transfer this case to the United States District Court for the Eastern District of Virginia. All five defendants scheduled for trial on September 11, 2017, Michael Jones, Clifford Jennings, Ronnie Nicholas, Terrance Brown, and Michael Dove, joined in this oral motion made at the final pretrial conference on September 1, 2017. Although venue has been a topic of discussion in this case since it was transferred to the undersigned in March, 2017, it was not until the September 1, 2017 final pretrial conference that all five defendants agreed and orally moved to transfer this case to the Eastern District of Virginia under Federal Rule of Criminal Procedure 21. Although the court has been mindful of venue concerns throughout this case and notes that many of the alleged events took place in the Eastern District of Virginia, it would be both inconvenient and contrary to the interests of justice to transfer this case on the cusp of trial, given the looming trial date, the fact that venue is legally proper here, and the substantial pretrial development that has taken place in this district. As such, the oral motion to transfer is **DENIED**.

# I.

The RICO and drug conspiracy allegations in this case span the geographic breadth of the Commonwealth of Virginia, including allegations of gang-related drug dealing in Roanoke and at a state prison located in Buckingham County, and an attempted hit on a gang member at a state prison in far southwest Virginia. To be sure, most of the allegations focus on conduct occurring in the Eastern District of Virginia, including multiple allegations of gang-related drug dealing on the street and in state prisons located there. Indeed, both of the counts alleging assault with a dangerous weapon in aid of racketeering (the "VICAR" counts) arise out of robbery and shooting episodes in Norfolk on July 26 and August 1, 2013, as do each of the four charges of use of a firearm during a crime of violence. Four of the five defendants remaining for trial are from the Tidewater Virginia area, and it is easy to question why the case was not initially brought there.

Given the less substantial relationship to the Western District of Virginia, this case has been beset by venue issues nearly since the time of indictment. On December 9, 2016— in the first substantive filing by any defendant—Jones noted his opposition to a trial date in January 2018 on speedy trial grounds and suggested a change of venue would quicken the process.[1] ECF No. 183. According to Jones, "it is difficult to see how venue is proper in the Charlottesville Division" especially given that the "crimes of violence[] are alleged to have occurred in the Eastern District of Virginia." Id. Brown filed a similar motion on December 28, 2016. ECF No. 194.

---

[1] To facilitate an earlier trial date, this case was transferred to the undersigned on March 7, 2017. ECF No. 230. In a scheduling order entered on March 15, 2017, the court set the case for trial on September 11, 2017. ECF No. 245. The March 15 order set a number of pretrial deadlines and calendared five pretrial conference hearing dates. The order specified that venue objections would be heard on May 11, 2017.

On December 22, 2016, Dove filed a motion for a bill of particulars "for the purpose of apprising the Defendant of facts necessary to determine whether a pretrial objection to venue is warranted." ECF No. 189. Following the first pretrial hearing held by the undersigned district judge on March 21, 2017, the court on March 27 directed the government to provide such a bill. ECF No. 266. In April 2017 Dove and Brown filed motions challenging venue as to the VICAR and firearms counts in the Indictment. ECF Nos. 277, 278. Two defendants joined in those motions, ECF Nos. 366, 376, which included a request to transfer certain counts to the Eastern District of Virginia pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure. The government opposed these venue motions, arguing that venue was proper, ECF No. 290, and that a transfer was inappropriate, ECF No. 360.

Following up on the hearing addressing venue on May 11, 2017, the court sent an email to counsel on June 12, 2017, asking the defendants to indicate whether they joined in a motion to transfer this case to the Eastern District of Virginia. Jones and another defendant, Shawn Smith,[2] joined in Brown's transfer motion. ECF Nos. 366, 376, 278. But as those three defendants clarified at a June 16 hearing, they did not seek transfer of the entire case, including the RICO or drug conspiracy charges; rather they only sought transfer of the VICAR and firearms counts against Brown. Nicholas did not object to a transfer but did not join in the motion. ECF No. 379. Dove, Jennings, and three other defendants expressly

---

[2] Smith has serious health issues, and because of his medical condition would have difficulty attending a five week trial. Because a trial of Smith alone would be shorter and could be structured to accommodate his medical concerns, his case was later severed from the trial of the remaining five defendants. ECF No. 443.

3

objected to moving the case from this district.³ In short, the only transfer request before the court was to transfer some of the counts alleging violent crimes against one defendant. No party moved to transfer the RICO or drug conspiracy counts to the Eastern District despite having ample opportunity to do so.⁴

On June 20, 2017, the court entered a Memorandum Opinion and Order denying those venue motions. ECF Nos. 395, 396. Based on the allegations in the Indictment, the court determined that venue was constitutionally proper for all the counts in this case, and therefore, none would be dismissed.⁵ As regards the transfer request, the court considered the factors enumerated by the Supreme Court in Platt v. Minnesota Mining & Manufacturing Co., 376 U.S. 240 (1964), and noted that much of this case may well "be more at home in Norfolk." ECF No. 395, at 17. Nevertheless, the court concluded that transferring only some of the counts against one defendant would trigger largely identical adjudicative efforts and unnecessarily delay resolution of the case. Accordingly, the court denied the Rule 21(b) transfer requests.

Since this case was indicted, the court heard argument on venue issues during five separate pretrial conferences in the months between March and September 2017. At the final pretrial conference—just ten days before trial—all defendants joined a request to transfer all

---

³ Dove had filed a motion to transfer the VICAR and firearms charges against him, ECF No. 344—which encompass the same conduct underlying Brown's identical charges—but Dove withdrew that motion at the June 16 hearing and objected to transfer. Jennings filed his objection at ECF No. 386, and the three other defendants (Anthony Day, James Bumbry, and Christine Kelly) orally raised their objections at the June 16 hearing.
⁴ Since this case was indicted, five defendants have entered guilty pleas (Day, Bumbry, Jermaine Epps, Shonda Jones, and Corey Owens), and three defendants have been severed from the joint trial (Kelly, Jaymese Jones, and Smith). Therefore, only five defendants remain scheduled to go to trial next week.
⁵ Despite this decision, Jones again filed a motion to dismiss the conspiracy counts for improper venue on August 28, 2017, ECF No. 607, which the court denied the next day. ECF No. 631.

of this case to the Eastern District of Virginia. This request marked the first time that all defendants in the joint trial agreed to request transfer. In fact, the government joined in the motion, citing concerns about Brown's trial preparation given his pro se status.

## II.

As noted, the court has determined that at this stage venue is constitutionally proper for all counts in the Western District of Virginia. See Memorandum Opinion, ECF No. 395. Therefore, the only mechanism by which defendants can challenge venue is to request a transfer of venue for prejudice or for convenience under Rule 21:

> (a) For Prejudice. Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.
> (b) For Convenience. Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice.

Fed. R. Crim. P. 21(a)-(b). At the September 1 hearing, defendants moved for transfer on both prejudice and convenience grounds. The government joined, seemingly in hopes of providing Brown with additional time to prepare for trial.

The government's request to transfer must be denied for two reasons. First, Rule 21 "allows *defendants* to obtain changes of venue in order to get fair and impartial trial. No rule or statute grants such a privilege to the United States." Parr v. United States, 351 U.S. 513, 523 (1956) (Warren, C.J., dissenting) (emphasis added). Second, the government's request to transfer is a veiled request for a continuance ostensibly on behalf of Brown as a pro se defendant. At the September 1 hearing, the court denied Brown's request for a continuance,

5

finding that Brown, who has been in pretrial detention for nearly ten months and was counseled for most of that time, has had sufficient time to prepare his defense.[6] As such, the court determined that a continuance would not serve the ends of justice or the interests of the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Even if the government could request a transfer, the court would deny such a request under these circumstances.

Defendants' request for transfer for prejudice under Rule 21(a) likewise is misplaced. Rule 21(a) most typically applies where excessive pretrial publicity threatens the impartiality of the jury. See United States v. Bakker, 925 F.2d 728, 732 (4th Cir.1991). Defendants have pointed to no pretrial publicity in this case. However, "the ultimate question [under Rule 21(a)] is whether it is possible to select a fair and impartial jury." United States v. Nettles, 476 F.3d 508, 513 (7th Cir. 2007); cf. United States v. Higgs, 353 F.3d 281, 307 (4th Cir. 2003) (A Rule 21(a) transfer is warranted only if "the defendant cannot obtain a fair and impartial trial."). That said, "in most situations the voir dire examination adequately supplies the facts upon which to base that determination." Nettles, 476 F.3d at 513. In this case, the court has summoned 210 potential jurors, the majority of whom have returned an

---

[6] Two events weighed in the court's calculus in denying Brown's request for a continuance. First, on July 31, 2017, the court granted Brown's motion to represent himself. The court conducted an inquiry pursuant to Faretta v. California, 422 U.S. 806 (1975), and advised Brown of the dangers and disadvantages of self-representation. The court warned Brown of the enormous complexities of this case, that he would have limited access to legal materials while in pretrial detention, and that he would face trained and skilled prosecutors who, unlike Brown, are experienced in criminal law and court procedures. Brown persisted in his desire to represent himself, and the court granted the motion. Therefore, Brown's feelings of unpreparedness reflect the harsh reality of the dangers and disadvantages of self-representation, a reality that Brown knowingly and intelligently assumed on July 31. The second event relevant to Brown's request for a continuance was the government's filing of a Superseding Indictment on August 9, 2017. ECF No. 526. The Superseding Indictment largely mirrored the original indictment, but raised the maximum penalty for Brown's alleged RICO offense from 20 years to life in prison. While that change certainly is ominous, the enhanced penalty was not based on any new factual allegations or additional charges. As such, the court determined that a continuance was not necessary to allow Brown further preparation. See 18 U.S.C. § 3161(h)(7)(A); United States v. Rojas-Contreras, 474 U.S. 231, 234 (1985).

exhaustive juror questionnaire, ECF No. 462-1, supplementing the voir dire process. The court has reviewed each of the returned jury questionnaires and believes that it will be able to empanel a fair and impartial jury. As such, the court will deny the transfer request under Rule 21(a).

Defendants' request to transfer for convenience under Rule 21(b) requires a separate analysis. "The decision whether to transfer a case [for convenience] is committed to the sound discretion of the district court." United States v. Heaps, 39 F.3d 479, 482 (4th Cir. 1994), abrogated on other grounds by United States v. Cabrales, 524 U.S. 1 (1998). That discretion is guided by the factors enumerated by the Supreme Court in Platt v. Minnesota Mining & Manufacturing Co., 376 U.S. 240 (1964):

> 1) location of the defendant;
> 2) location of witnesses;
> 3) location of events likely to be in issue;
> 4) location of documents and records;
> 5) disruption of defendant's business unless the case is transferred;
> 6) expense to the parties;
> 7) location of counsel;
> 8) relative accessibility of place of trial;
> 9) docket condition of each district; and
> 10) any other special element that might affect the transfer.

Platt, 376 U.S. at 243-44; see also Heaps, 39 F.3d at 482 (recognizing that the Platt factors govern Rule 21(b) inquiries). "No one of these factors is dispositive, and it remains for the court to try to strike a balance and determine which factors are of greatest importance." United States v. Farkas, 474 F. App'x 349, 353 (4th Cir. 2012) (citations and quotations omitted). "A defendant seeking a change of venue [does not have] the burden of establishing 'truly compelling circumstances' for such a change. It is enough if, all relevant things

considered, the case would be better off transferred to another district." Matter of Balsimo, 68 F.3d 185, 187 (7th Cir. 1995).

The most glaring problem with defendants' request to transfer is its timing. Setting aside the untimeliness of the motion pursuant the Scheduling Order, ECF No. 245 (indicating that venue motions would be heard at the May 11 hearing),[7] the motion to transfer has simply come "so late that it would no longer be in the interest of justice to order transfer." Wright & Miller, 2 Fed. Prac. & Proc. Crim. § 349 (4th ed.). The court has held multiple pretrial hearings, decided dozens of motions, and is intimately familiar with this case. More than two hundred jurors have been summonsed, and the court has cleared its calendar for a five week trial. The parties have had many months to prepare, and by evidence of the fervor of their recent motions practice,[8] they have been doing so actively. Transferring this case across the state may necessitate appointment of new CJA counsel for some defendants, unnecessarily ramping up the cost of this case. The timing of this motion—a special element that significantly affects transfer—militates against sending this case to the Eastern District of Virginia. This factor outweighs any other factor in the Platt analysis, some of which plainly favor granting the motion. Cf. United States v. Espinoza, 641 F.2d 153, 161 (4th Cir. 1981) (affirming denial of Rule 21(b) transfer request that was raised just ten days before trial); United States v. Keuylian, 602 F.2d 1033, 1038 (2d Cir. 1979) ("The most important factor [in denying the Rule 21(b) motion] was appellant's delay in moving to

---

[7] Rule 21(d) notes that transfer requests must be made either "at or before arraignment or at any other time the court or these rules prescribe." The operative deadline for such a request was May 11. However, the court does not rest its decision to deny the transfer on the violation of the Scheduling Order. Even if the motion were timely under the rules, the interests of justice would not allow for such a transfer.
[8] During the five days from August 28, 2017 to September 1, 2017, there were 71 docket entries.

transfer the case."); Cagnina v. United States, 223 F.2d 149, 154 (5th Cir. 1955) (motion for transfer was made too late).

### III.

For the reasons stated above, the September 1, 2017 joint motion to transfer venue to the Eastern District of Virginia is **DENIED**.

An appropriate Order will be entered.

Entered: 09-04-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge